IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LE-VEL BRANDS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 3:18-CV-01352-S |
| | § | |
| **SHYLO ECKSTROM,** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S MOTION FOR EXTENSION OF THE OCTOBER 7, 2019 TRIAL DATE, MOTION TO MODIFY SCHEDULING ORDER AND BRIEF IN SUPPORT

COMES NOW Shylo Eckstrom ("Eckstrom") and files this Motion ("Motion") for Extension of the October 7, 2019 Trial Date and Motion to Modify Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4) and Brief in Support and would respectfully show the Court as follows:

### Requested Relief

1. Eckstrom requests an extension of the trial date to October 21, 2019[1] so that she can arrange child care and have her expert available to testify.

2. The trial date is currently set for October 7, 2019, on the Court's three-week jury docket. The parties are still conducting discovery, by agreement, based on circumstances outside of their control, namely that there is a heavy third-party discovery practice in this case which has substantially slowed down the completion of discovery. The parties are also still in production stages of documents related to requests sent recently.

3. Defendant Eckstrom lives in Minnesota and is the primary caregiver for her

---

[1] Alternatively, the Parties have discussed and agreed on availability on January 27, 2020 if the October 21, 2019 date does not work for the Court.

children, making a rolling docket call very difficult for her to plan.[2] In addition, Defendant Eckstrom's expert just informed her that the expert needs to have surgery, scheduled on October 8th which will limit her ability to travel for seven to ten days after the date of surgery making her first available testimony date October 21, 2019. Therefore, Eckstrom requests an extension of the trial date until October 21, 2019, to allow her necessary expert to attend the trial and testify and to allow Eckstrom to plan her child-care needs accordingly (or January 27, 2020, if the Court prefers).

**Procedural History**

4. On or about May 3, 2018, Plaintiff filed its Original Petition and Verified Application for TRO, TI and Permanent Injunction in Texas State Court, Judicial District Court 68th Judicial District Court.

5. On May 29, 2018, Eckstrom removed the case to Federal Court on the basis of diversity jurisdiction. [Doc 1]

6. On June 14, 2018, the parties agreed to a Preliminary Injunction in lieu of holding a hearing.

7. On September 18, 2018, the Parties entered into an Agreed Scheduling Order. [Doc. 18]

8. On April 16, 2019, the majority of the terms of that Preliminary Injunction expired.

9. On July 2, 2019, Plaintiff filed its Unopposed Motion to Extend Time to designate experts. [Doc. 69]

10. On July 3, 2019, the Court entered an Order Granting Plaintiff's Unopposed Motion to Extend Time. [Doc. 70] This order extended the parties' expert designation deadline to August 7, 2019, and the parties' rebuttal expert deadline to September 11, 2019.

---

[2] Shylo Eckstron's Declaration.

11. On August 7, 2019, Le-Vel submitted its Expert Disclosure.

12. The deadline for the parties to complete discovery was September 9, 2019. [Doc. 18] However, the parties agreed to continue taking certain discovery after the end of the discovery period due to certain weather and third-party scheduling issues.

13. Eckstrom submitted her Expert Disclosure on September 11, 2019. Eckstrom has not yet submitted an expert report because she is still waiting on Le-Vel to produce the documents relied on by its expert.

## Argument

14. The Court has discretion to grant a continuance of trial for "extremely good cause." *See* Judge Scholer's Specific Requirements (N.D. Tex.), ¶ III.C.3; Local Rule 40.1.

15. The Court has discretion to modify a schedule for good cause and with the Judge's consent. Fed. R. Civ. P. 16(b)(4). Federal Rule of Civil Procedure 6(b)(1)(A) permits the Court to grant an extension of time for "good cause," before the time for the act expires. Good cause is a nonrigorous standard that courts construe broadly. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "District courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

**A.    Extreme Good Cause Exists to Move the Trial Date.**

16. Eckstrom requests an extension of the October 7, 2019 trial setting to October 21, for two reasons: (1) to allow Eckstrom's Damages Expert to attend and testify at trial, and (2) to properly plan her child care for the trip to Dallas, Texas for the trial.

17. Specifically, the damages expert hired by Ms. Eckstrom is undergoing surgery October 8, 2019 and will be incapacitated per doctor's orders for 7-10 days. Therefore, the

Damages Expert is unavailable until October 21, 2019–the final week of this trial setting. The Damages Expert is necessary to rebut Plaintiff's Expert on Damages and/or lost profits/sales. The damages rebuttal information is only available from this expert witness, and it would be extremely detrimental and prejudicial to Eckstrom's defense to not have her expert available to attend trial no testify in this jury trial.

18. Furthermore, Ms. Eckstrom has young children and is the primary caregiver and a three (3) week docket with no set start date works a hardship on her family.[3] The setting of her trial on October 21, 2019 (or alternatively January 27, 2020 should the Court prefer) would allow her to make the necessary child-care arrangements in advance.

19. Without the requested two week extension, Eckstrom will not have her expert to defend against the significant damages claimed by the Plaintiff and will have child care issues for her school-aged children.

**B.    Extreme Good Cause exists to Modify the Scheduling Order.**

20. Eckstrom also requests two slight modifications of the Court's Scheduling Order: (1) an extension of her deadline to produce her expert rebuttal report to 14 days after Le-Vel produces its documents relied on by its expert and (2) an extension of the trial-related deadlines to reflect a similarly-timed schedule to the above-requested October 21, 2019 trial date.

21. Extremely good cause exists for both requested extensions because essential discovery has not been completed to date.

22. In particular, the following discovery is still ongoing:

      i. Shylo Eckstrom's deposition occurred, by agreement, on September 16,

---

[3] Shylo Declaration.

2019.[4]

ii. The depositions of five third-parties[5] are currently still being scheduled between Le-Vel's counsel and the third-parties' counsel, to potentially take place September 18-20th or up to two weeks thereafter. The parties have been diligently (and amicably) attempting to take the depositions, but the multiple locations of the third-parties and their personal schedules have made the depositions difficult to schedule. This process has also been slowed by various issues surrounding the subpoenaed documents.

iii. Eckstrom has requested the deposition of Le-Vel's expert, designated on August 7, 2019 at 10:40 p.m.

iv. Eckstrom has offered the deposition of her expert, designated on September 11, 2019 at 9:18 p.m.

v. Eckstrom requested the documents provided to and relied on by Le-Vel's expert in order for her expert to prepare a rebuttal report, but has not yet received those documents.

vi. The parties are currently (amicably) discussing amending the protective order to allow for Le-Vel's production of the documents provided to Le-Vel's expert as discussed in paragraph 17(v).

vii. Eckstrom is still in the process of a rolling production of documents to Le-Vel pursuant to certain document requests, the most recent of which was

---

[4] It was originally set for September 11, 2019, but her flight was cancelled due to weather issues in Minnesota. The parties mutually agreed to the September 16, 2019 date instead.
[5] Kristi Bowling, Tiffany Thompson, Ashley Stanley, Lisa Danko, and Alana Dieter, represented by Micala Bernardo of DLA Piper.

        due September 9, 2019.

    viii.  Le-Vel is still in the process of a rolling production of documents to Le-Vel pursuant to certain document requests, the most recent of which was due September 9, 2019.

23.    This is not a case wherein the parties have not gotten along. Counsel for both sides have a good working relationship and have been attempting to work out all issues in this case. The parties have mediated the case two times. Unfortunately, because of third-party schedules as well as timing of certain reports and discovery, the parties both still believe an extension of time for the trial date as well as small modifications to the scheduling order to allow for the above-referenced discovery will help aid the trier of fact in a final determination of this case and promote a more efficient trial.

24.    Eckstrom believes that extreme good cause exists for the extension as a result of unforeseen issues related to discovery from third-parties as well as expert issues.

25.    For the foregoing reasons, the parties respectfully request a Modification of the Scheduling Order, a proposed order is attached as **Exhibit 1**. The proposed Modifications are:

    a.  A new trial date on or around October 21, 2019, for the reasons set forth above.

    b.  An extension of the deadline for Eckstrom to provide a report because she needs the necessary and pivotal damages/profits/sales documents to be produced in order to provide the required expert opinion information. Eckstrom requests that she be allowed to supplement the expert designation and provide reports 14 days after the referenced information has been provided by Plaintiff.

    c.  A brief extension of any trial-related dates (such as the trial witness list and exhibit list) to reflect that depositions and document productions are ongoing.

26. Eckstrom's Motion is not made for delay or improper purpose, but rather so that justice may be done. Further, Eckstrom does not intend for the requested extension to result in an inconvenience to the Court. Rather, Eckstrom believes that this request is necessary to be able to adequately defend the case and is based upon extremely good cause. This request is not based upon a lack of diligence or dilatory action.

## Prayer

WHEREFORE, Eckstrom respectfully requests an extension of the October 7, 2019 trial date to October 21, 2019 (or January 27, 2020, if the Court prefers) and certain modifications to the Scheduling Order.

Dated: September 16, 2019.

Respectfully submitted,

/s/ Leslye E. Moseley
David R. Clouston, Texas Bar No. 00787253
Leslye E. Moseley, Texas Bar No. 24044557

**SESSIONS FISHMAN NATHAN & ISRAEL, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: 214-741-3001
Facsimile: 214-741-3055
dclouston@sessions.legal
lmoseley@sessions.legal

**ATTORNEYS FOR SHYLO ECKSTROM**

## CERTIFICATE OF SERVICE

I hereby certify on this 16th day of September, 2019, that a true and correct copy of the foregoing was sent via electronic mail to the following counsel of record:

Kevin T. Schutte
kschutte@sbbolaw.com
Shapiro Beiging Barber Otteson LLP
5400 LBJ Freeway, Suite 930
Dallas, Texas 75240

/s/ Leslye E. Moseley
Leslye E. Moseley

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 16th day of September, 2019, I conferenced with opposing counsel and the Court regarding this motion. Opposing counsel is not opposed to this motion for extension.

/s/ Leslye E. Moseley
Leslye E. Moseley