**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LE-VEL BRANDS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 3:18-CV-01352-E** |
| | § | |
| **SHYLO ECKSTROM,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S EMERGENCY MOTION TO COMPEL**
**DISCOVERY AND BRIEF IN SUPPORT**

/s/ Leslye E. Moseley
David R. Clouston
Texas Bar No. 00787253
Leslye E. Moseley
Texas Bar No. 24044557

**SESSIONS FISHMAN NATHAN & ISRAEL, LLC**
900 Jackson Street
Suite 440
Dallas, Texas 75202
Telephone: 214-741-3001
Facsimile: 214-741-3055
dclouston@sessions.legal
lmoseley@sessions.legal

**ATTORNEYS FOR DEFENDANT**
**SHYLO ECKSTROM**

COMES NOW Shylo Eckstrom ("Eckstrom" or "Defendant") and files this, her Motion to Compel Discovery (the "Motion") and, in support thereof, respectfully states as follows:

## I.     SUMMARY OF MOTION

Over the course of a year, Eckstrom has sent out seventy-seven (77) requests for production, and eleven (11) interrogatories. To date Plaintiff has objected to all requests for documents, agreed to (in some limited form) produce documents responsive to forty (40) requests and answered only three (3) of the eleven (11) interrogatories. Trial is in fourteen (14) days and Plaintiff has not produced a single page, including the very contract at issue in this case. Eckstrom seeks emergency relief and the immediate production of documents.

## II.     PROCEDURAL BACKGROUND

1.      On May 3, 2018, Plaintiff filed this lawsuit in Texas State Court against Eckstrom, a resident of Minnesota who performed her work in Minnesota. Plaintiff's live allegations against Eckstrom include: breach of contract, business disparagement, defamation, tortious interference with existing contracts and tortious interference with prospective business relations. [Doc. 21]

2.      On May 29, 2018, Eckstrom removed this case to federal court on the basis of diversity jurisdiction.

3.      On June 8, 2018, Eckstrom served Plaintiff with her First Request for Production ("First Requests"). A true and correct copy of Eckstrom's First Request for Production is attached hereto as **Exhibit "1"** and incorporated herein by reference.

4.      On June 12, 2018, Plaintiff provided responses to Eckstrom's First Requests without producing a single document. Plaintiff objected to six out of the seven requests for production and merely asserted boilerplate objections. A true and correct copy of Plaintiff's

Objections and Responses to Eckstrom's First Request for Production is attached hereto as **Exhibit "2"** and incorporated herein by reference.

5. On June 26, 2018, the Parties reached a mutual understanding that the case would go relatively dormant.[1]

6. When it became clear that the Parties could not reach an agreement, they all began conducting discovery again. On August 1, 2019, Eckstrom served Plaintiff with her Second Request for Production ("Second Requests") with twelve (12) requests. A true and correct copy of Eckstrom's Second Request for Production is attached hereto as **Exhibit "3"** and incorporated herein by reference.

7. On September 3, 2019, Plaintiff provided responses to Eckstrom's Second Requests, again without producing a single document. Plaintiff made similar, if not the same, boilerplate objections, but said "Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents at a mutually agreeable place, date, and time." A true and correct copy of Plaintiff's Objections and Responses to Eckstrom's Second Request for Production is attached hereto as **Exhibit "4"** and incorporated herein by reference.

8. On August 9, 2019, Eckstrom served Plaintiff with her First Set of Interrogatories. A true and correct copy of Eckstrom's First Set of Interrogatories ("Interrogatories") is attached hereto as **Exhibit "5"** and incorporated herein by reference.

9. On September 9, 2019, Plaintiff provided responses to Eckstrom's Third Requests. Plaintiff objected to all eleven (11) interrogatories and merely made boilerplate objections, such as "Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, is over

---

[1] Plaintiff sent discovery to Eckstrom January 29, 2019 and August 9, 2019.

broad…" A true and correct copy of Plaintiff's Objections and Answers to Eckstrom's First Set of Interrogatories is attached hereto as **Exhibit "6"** and incorporated herein by reference.

10.     On August 9, 2019, Eckstrom served Plaintiff with her Third Request for Production ("Third Requests") with fifty-eight (58) requests. A true and correct copy of Eckstrom's Third Request for Production is attached hereto as **Exhibit "7"** and incorporated herein by reference.

11.     On September 9, 2019, Plaintiff provided responses to Eckstrom's Third Requests, again without producing a single responding document. Plaintiff again made similar, if not the same, boilerplate objections, but said "Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents at a mutually agreeable place, date, and time." A true and correct copy of Plaintiff's Objections and Responses to Eckstrom's Third Request for Production is attached hereto as **Exhibit "8"** and incorporated herein by reference.

12.     As of the filing of this Motion, counsel for Plaintiff has not provided a single page responsive to the Requests, not even documents it said it would produce. The Responses are substantively deficient as they fail to satisfy both the letter and spirit of the Federal Rules.

### III.     DEFICIENT DISCOVERY

#### A.     Requests for Production

13.     Out of the total seventy-seven (77) responses to the requests for production, Plaintiff responded to forty (40) of them with "Le-Vel will produce any responsive, non-privileged documents at a mutually agreeable date, time, and place." [Exh. 2, Request No. 7; Exh. 4, Request Nos. 1, 2, 3, 4, 6, 8, 9, 10, 11 and 12; Exh. 8, Request Nos. 14, 15, 18, 24, 32, 33, 34, 35, 36, 37, 38, 39, 40,41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 55, 56, 57 and 58] However, to

date, Plaintiff has not produced a single document, not even the 2013 Policies and Procedures containing the non-solicit agreement allegedly "clicked" by Eckstrom that is the subject of this lawsuit. [See Exh. 4, Request No. 12] Moreover, Plaintiff made numerous, unfounded and frivolous objections to document requests that Plaintiff refuses to amend and revise.

 **i.**  **"Vague, Not Limited in Time and Scope"**

 14. Plaintiff objected to sixty-seven (67) out of the seventy-seven (77) requests, stating that "Plaintiff objects to this Request because it is not stated with reasonable particularity, is vague and lack reasonable limitations as to time and scope." [Exh. 2, Request Nos. 1, 2, 3, 4, 5, and 6; Exh. 4, Request Nos. 1, 2, 8, 9, 10, 11 and 12; Exh. 8, Request Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 56, 57 and 58] However, Eckstrom's request were in fact stated with particularity and were limited in time and scope within the request itself as well as within the instructions accompanying the requests. For example:

> **Time Period:** Unless otherwise indicated, the time period for all requested information is January 1, 2017 to the present. [Exh. 3, p. 6; Exh. 7, p. 6]

> **REQUEST NO. 9:** Produce Le-Vel's activity log for the IP address 67.3.17.207.

> **RESPONSE:** Plaintiff objects to this Request because it is not stated with reasonable particularity, is vague, and lack reasonable limitations as to time and scope. Subject to the foregoing objections, Plaintiff response [sic] as follows: Plaintiff will produce non-privileged, responsive documents at a mutually agreeable place, date, and time. [Exh. 4]

> **REQUEST NO. 4:** Produce any correspondence between Le-Vel compliance, Le-Vel Account Specialist, LV Account Specialist, LV Support, any Le-Vel officer or director or owner or any other Le-Vel representative with authority to make statements on behalf of the company and any Le-Vel Promoter addressing any changes in any Le-Vel product from January 2016 — April 2018.

> **RESPONSE:** Le-Vel objects to this Request on the grounds that is overbroad, lacks reasonable limitations as to time and scope, is unduly

burdensome, and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Le-Vel also asserts that this Request seeks attorney communications that are privileged from discovery. Le-Vel further objects to this Request on the ground that it seeks confidential and propriety business and trade-secret information. [Exh. 8]

**ii.     "Subject To" Objections**

15.     Plaintiff objected to forty (40) out of the seventy-seven (77) requests, stating: "Subject to the foregoing objections, Le-Vel responds as follows: Le-Vel will produce any responsive, non-privileged documents at a mutually agreeable place, date, and time." From this type of response Eckstrom is unable to determine whether the question has been fully answered or not, whether Plaintiff is withholding documents, or whether Plaintiff is claiming there are no responsive documents since it produced no documents. For example:

> **REQUEST NO. 1:** Produce any and all documents establishing that the Eckstrom entered into a contract or agreement with Le-Vel.
>
> **RESPONSE:** Plaintiff objects to this Request because it is not limited in time or scope and not stated with reasonable particularity. Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents at a mutually agreeable place, date, and time. [Exh. 4]
>
> **REQUEST NO. 2:** Produce documents establishing any alleged disparaging comments made by Shylo. If said documents were allegedly made via text message, please produce documents evidencing the source and authenticity of the text message allegedly from Shylo along with applicable telephone and text records from the telephone/data carrier at issue to establish said authenticity. If said messages were allegedly made via email correspondence, please include the author, date and recipient of each correspondence.
>
> **RESPONSE:** Plaintiff objects to this Request because it is not limited in time or scope and not stated with reasonable particularity. Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents at a mutually agreeable place, date, and time. [Exh. 4]

**REQUEST NO. 57:** Produce any documents establishing the "false statements to a multitude of current Le-Vel Promoters that defame and disparage Le-Vel, its business practices, financial stability, market position, products, Promoters, and officers" referenced in Paragraph 5 of the First Amended Complaint.

**RESPONSE:** Le-Vel objects to this Request on the grounds that it lacks reasonable limitations as to time and requires Le-Vel to marshal its evidence. Subject to the foregoing objections, Le-Vel responds as follows: Le-Vel will produce responsive, non-privileged documents at a mutually agreeable date, time, and place. [Exh. 8]

**REQUEST NO. 58:** Produce any documents supporting the Plaintiff's statement that "As a result of Eckstrom's actions and in reliance on her false statements regarding Le-Vel, over 50 Promoters have resigned from Le-Vel and enrolled as Modere Social Marketers or enrolled as Modere Social Marketers" as made in Paragraph 13 of the First Amended Complaint.

**RESPONSE:** Le-Vel objects to this Request on the grounds that it lacks reasonable limitations as to time and requires Le-Vel to marshal its evidence. Subject to the foregoing objections, Le-Vel responds as follows: Le-Vel will produce responsive, non-privileged documents at a mutually agreeable date, time, and place. [Exh. 8]

**B.     Interrogatories**

16.     Plaintiff made similar, if not the same objections for all eleven (11) interrogatories. Specifically, Plaintiff objected to six (6) of the interrogatories as "irrelevant," "overbroad," "vague" and lacking "reasonable limitations as to time and scope." [Exh. 6, Request Nos. 2, 3, 8, 9, 10 and 11] These interrogatories specifically address allegations made by Plaintiff, yet it objects that the Eckstrom seeks irrelevant information not calculated to lead to the discovery of admissible evidence. For example:

**INTERROGATORY NO. 9:** Explain why the Le-Vel product labels stopped listing the following ingredients:

1. Soy lecithin
2. Glycerin
3. Coffee extract
4. Licorice glycurrhizic acid root extract
5. Cocoa extractive

6.  Coffee extractive
7.  Salt

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, lacks reasonable limitations as to time and scope, and lacks sufficient particularity. Plaintiff further objects to this Interrogatory on the ground that it seeks confidential and propriety business and trade-secret information. [Exh. 6]

**INTERROGATORY NO. 10:**      Explain when and why the Le-Vel product labels began listing the following ingredients:

8.  Stevia leaf extract
9.  Mangasweet

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, lacks reasonable limitations as to time and scope, and lacks sufficient particularity. Plaintiff further objects to this Interrogatory on the ground that it seeks confidential and propriety business and trade-secret information. [Exh. 6]

17.    For these reasons, each and every one of Plaintiff's objections should be overruled and Plaintiff should be required to amend its responses to the interrogatories within forty-eight (48) hours of the Court's order.

## IV.    ARGUMENTS AND AUTHORITIES

18.    Rule 26 of the FEDERAL RULES OF CIVIL PROCEDURE provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(l). Information is relevant in discovery if "it encompasses any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 94 F.2d 1152, 1159 (5th Cir. 1991) (internal quotation

marks omitted). Information within the scope of discovery need not be admissible to be discoverable. FED. R. CIV. P. 26(b)(l). FEDERAL RULE OF CIVIL PROCEDURE 34 permits a party to request another party to produce documents in the responding party's possession, custody, or control. FED. R. CIV. P. 34(a)(l)(A). "Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action." *Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-14-CV-305-KC, 2015 WL 7709433, at *5 (W.D. Tex. Sep. 25, 2015) (internal quotations marks and citation omitted).

19.     By relying on boilerplate, Plaintiff has waived its objections. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018) ("serving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions.").

20.     The Federal Rules require that even if a party lodges an objection, the party must respond to those portions of discovery that are unobjectionable. *See* FED. R. CIV. P. 33(b)(3) and FED. R. CIV. P. 34 (b)(2)(C). Surely, Plaintiff is not contending that every word to each Request is objectionable. Plaintiff's series of objections is both unfounded and indefensible.

21.     Pursuant to Rule 37, a party may request that the Court enter an order compelling production of documents when the requested party fails to produce the requested documents. FED. R. CIV. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

22.     To successfully resist a motion to compel, the resisting party must specifically object and demonstrate that the requested discovery does not fall within Rule 26(b)(l)'s scope. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Curtis,*

2016 WL 687164, *3 (noting burden remains same despite 2015 amendments to Rule 26). Plaintiff is unable to successfully defend its objections and the withholding of documents in response to the Requests. Consequently, Eckstrom respectfully requests that the Court enter an order overruling Plaintiff's boilerplate objections and compelling Plaintiff to produce all responsive documents and provide complete answers to all discovery requests within forty-eight (48) hours of the Court's order

A.      **"Vague, Not Limited in Time and Scope"**

23.      "The Fifth Circuit requires that the party resisting discovery must show specifically how... each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)) (internal quotation marks omitted). To properly object on the basis that a request for production is overbroad or unduly burdensome and to comply with Rule 34, the responding party must explain the extent to which the request is overbroad and answer or respond to the extent that it is not-and explain the scope of to what the responding party is answering or responding. *Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014). The responding party also "must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive. This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Id*. at 490 (internal citations omitted).

24.      At minimum, Plaintiff was required to explain why a particular Request was overly broad and/or unduly burdensome; explain the scope of what part of the Request it is

answering or responding to; and demonstrate that the Request is overly broad or unduly burdensome by submitting affidavits or offering evidence revealing the nature of the burden. Plaintiff has made no effort to satisfy its burden to establish that Eckstrom's Requests are overbroad or unduly burdensome. Thus, Eckstrom respectfully requests that the Court enter an order overruling Plaintiff's objections and compelling Plaintiff to provide proper responses to all discovery requests and produce responsive documents within forty-eight (48) hours of the Court's order.

## B.     "Subject To" Objections

25.     In response to First Requests No. 7; Second Requests Nos. 1-4, 6, 8, 9, 10, 11 and 12; and Third Request Nos. 14, 15, 18, 24, 32, 33, 34, 35, 36, 37, 38, 39, 40,41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 55, 56, 57 and 58, Plaintiff states that it has or will produce certain documents, but that it does so "subject to" certain objections. Similarly, in answering the Interrogatories, Plaintiff's answer, if any, is lodged only "subject to the foregoing." [Exh. 6]

26.     "[A] responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable...[T]he Federal Rules dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller*, 303 F.R.D. at 487. "[T]he practice of responding to interrogatories and documents requests 'subject to'" not only fails to preserve the asserted objection, but also has been found to be "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Id*. at 486-87.

27.     Plaintiff must respond in such a way that Eckstrom can determine whether the Requests have been fully answered and the basis for Plaintiff's refusal to produce documents. From

Plaintiff's Responses, Eckstrom cannot determine whether the question has been fully answered or not, whether Plaintiff is withholding documents, or whether Plaintiff is claiming there are no responsive documents since there were no documents produced.

28.      Plaintiff made numerous unfounded and boilerplate objections, failed to produce the responsive documents and caused intentional and unreasonable delay in the discovery process. Plaintiff cannot make allegations in its Petition and refuse to provide documents regarding those same allegations.  Plaintiff's abuse of the discovery process should not be condoned by this Court, all of its objections should be overruled, and Plaintiff should be compelled to produce responsive documents and complete answers to the discovery requests within forty-eight hours of the Court's order.

## **PRAYER**

 For the above and foregoing reasons, Defendant Shylo Eckstrom, respectfully request that an Order be entered ordering:

(1)      Plaintiff to produce all responsive documents within forty-eight (48) hours;

(2)       Plaintiff to fully respond to the Discovery Requests; and

(3)      For any further relief to which Eckstrom may be justly entitled.

Respectfully submitted,

/s/ Leslye E. Moseley
David R. Clouston, Texas Bar No. 00787253
Leslye E. Moseley, Texas Bar No. 24044557

**SESSIONS FISHMAN NATHAN & ISRAEL**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone:  214-741-3001
Facsimile: 214-741-3055
dclouston@sessions.legal
lmoseley@sessions.legal

**ATTORNEYS FOR DEFENDANT
SHYLO ECKSTROM**

## CERTIFICATE OF CONFERENCE

Pursuant to Civil Rule 7.1, I hereby certify that on the 9th day of October, 2019, I conferenced with opposing counsel regarding this motion. Opposing counsel indicated he is opposed to this motion.

/s/ Leslye E. Moseley
Leslye E. Moseley

## CERTIFICATE OF SERVICE

I hereby certify on this 9th day of October, 2019, that a true and correct copy of the foregoing was sent via electronic mail to the following counsel of record:

Kevin T. Schutte
kschutte@sbbolaw.com
Shapiro Beiging Barber Otteson LLP
5400 LBJ Freeway, Suite 930
Dallas, Texas 75240

/s/ Leslye E. Moseley
Leslye E. Moseley